# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JONATHAN EPPERSON, | Case No. 1:19-cv-00475-LJO-SAB |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, STRIKING UNSIGNED COMPLAINT, AND REQUIRING PLAINTIFF TO FILE SIGNED COMPLAINT |
| v. | |
| CAPITAL OF HARRISBURG, et al., | |
| Defendants. | (ECF No. 1) |
| | FOURTEEN DAY DEADLINE |

On April 12, 2019, Chris Jonathan Epperson ("Plaintiff") filed an unsigned complaint along with an application to proceed *in forma pauperis* in this action. (ECF Nos. 1, 2.) Plaintiff's application demonstrates entitlement to proceed without prepayment of fees. Notwithstanding this order, the Court does not direct that service be undertaken until the Court screens the complaint in due course and issues its screening order.

Plaintiff's complaint is unsigned. Unsigned documents cannot be considered by the Court, and Plaintiff's complaint shall be stricken from the record on that ground. Fed. R. Civ. P. 11(a); Local Rule 131(b).

Upon review of the complaint, Plaintiff is advised of the following legal standards that would appear to apply to his claims. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed

1

factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff's complaint is devoid of any factual allegations. Plaintiff states that he is bringing this matter as a class action against Benjamin Harrison, "Contenital Congressmen" seeking 900 billion dollars and cites the final judgment rule. (ECF No. 1.) The complaint contains a list of states along with various random statutory references. (Id.)

Plaintiff brings this action against Benjamin Harrison, however Mr. Harrison died in 1791. See History, Art & Archives, United States House of Representatives, Benjamin Harrison, https://history.house.gov/People/Listing/H/HARRISON,-Benjamin-(H000262)/ (last visited April 15, 2019). As Mr. Harrison died more than 200 years ago, it is unclear how Plaintiff can state a claim against him in this action for monetary damages. However, since the complaint has been stricken from the record as being unsigned, Plaintiff shall be provided the opportunity to file a signed complaint. Should Plaintiff's complaint fail to include facts to state a plausible claim that he is entitled to relief, the Court shall recommend that this action be dismissed for failure to state a claim.

Plaintiff cites 28 U.S.C. § 1291, which limits the jurisdiction of the Court of Appeals to appeals of "final decisions of the district court." "This final judgment rule requires 'that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.' " Flanagan v. United States, 465 U.S. 259, 263 (1984) (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981)). The final judgment rule would not provide jurisdiction for this court to hear an appeal of the decision of any court. Further, Plaintiff has not cited any case in which a final judgment has issued, and, since Mr. Harrison died in 1791, an appeal from any judgment in a case against him would appear to be well beyond the time limit to file an appeal. See 18 U.S.C. § 2107.

Finally, as Plaintiff was recently advised in another case before this Court,

> Simply listing the parties and providing unclear recitations of seemingly random terms is not sufficient. Plaintiff must explain his case with specificity. As noted above, a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id.

Epperson v. Foreign Commonwealth Office, No. 1:18-cv-01386-DAD-SAB (E.D. Cal. Oct. 18, 2018), (ECF No. 4 at 6).[1]

Further, the previous order also advised that

Plaintiff cannot bring a class action. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir.1982) (party must assert [his] own rights not those of third parties) (citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80 (1978)). Plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See White v. Geren, 310 F. App'x 159, 160 (9th Cir. 2009) (upholding dismissal of class action claims because Plaintiff, as a pro se litigant, was not able to act as an adequate class representative) (citing Fed. R. Civ. P. 23(a)(4) (requiring that class representative be able "to fairly and adequately protect the interests of the class"); McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966) (lay person lacks authority to appear as an attorney for others)).

"[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). It does not appear from the face of the complaint that the statutory exception to this rule permitting Plaintiff to prosecute an action on behalf of others is present. See id. at 664 n.6. Plaintiff's privilege to appear in propria persona is a "privilege [that] is personal to him [and] [h]e has no authority to appear as an attorney for others than himself." McShane v. United States, 366 F.2d at 288.

Id. at 7-8.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* is GRANTED;

2. Plaintiff's complaint is STRICKEN FROM THE RECORD for being unsigned;

3. Within fourteen (14) days of the date of service of this order, Plaintiff shall file a signed complaint; and

///

---

[1] The Court notes that Plaintiff has similarly been advised in Epperson v. Oracle Corp., No. 15-cv-724-LJO-BAM, 2015 WL 3750200, *2 (E.D. Cal. June 15, 2015); Epperson v. Global American, Inc., No. 1:15-cv-935-BAM, 2015 WL 4078143, *2 (E.D. Cal. July 2, 2015); Epperson v. British Embassy, No. 1:18-cv-01432-DAD-EPG, *4-5 (E.D. Cal. Jan. 9, 2019). The Court also notes that Plaintiff has previously had an action dismissed for similar failure to allege facts which was found to be frivolous. Epperson v. Northern District of Alabama, No. 1:18-cv-1028 AWI-EPG (E.D Cal. August 1, 2018).

4. If Plaintiff fails to file a complaint in compliance with this order or the complaint does not allege facts to demonstrate that he is entitled to relief, the Court shall recommend that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**April 16, 2019**__

UNITED STATES MAGISTRATE JUDGE